UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA GIANNATTASIO, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : No. 18-cv-176 |
| | : |
| EXCELLENT PANCAKE, INC.; | : |
| DINE EQUITY, INC.; and | : |
| GAURAV ARORA, | : |
| Defendants. | : |

**O P I N I O N**
**Joint Motion for Approval of Settlement Agreement, ECF No. 20—Granted in part**

**Joseph F. Leeson, Jr.**  August 14, 2018
**United States District Judge**

Before this Court is a joint motion to approve a settlement agreement in a FLSA action. For the reasons discussed below, this Court grants the motion in part and denies it in part.

**I.  BACKGROUND**

On January 16, 2018, Plaintiff filed this action against Defendants Excellent Pancake, Inc., Dine Equity, Inc., and Gaurav Arora, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219; the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1-260.45; the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101-333.115; and common law claims for wrongful termination and negligent hiring, retention, and supervision. Complaint, ECF No. 1. Plaintiff alleges that, while she worked as a server at Defendants' IHOP restaurant in Wyomissing, Pennsylvania, Defendants engaged in "time shaving" by deducting forty-five minutes per shift from servers' paychecks for breaks that the servers did not actually take. Compl. ¶¶ 16-17. Plaintiff also alleges that Defendants did not

pay Plaintiff overtime when she worked more than forty hours per week. Compl. ¶ 18. After receiving no response when she complained about the time shaving to her supervisors, Plaintiff filed a wage payment and collection complaint with the Pennsylvania Department of Labor and Industry. Compl. ¶¶ 19-22. Plaintiff alleges that, in retaliation for this complaint, Defendants, through the restaurant manager, assaulted, verbally abused, and ultimately terminated Plaintiff. Compl. ¶ 37.

On July 5, 2018, the parties filed a joint motion to approve a settlement agreement. ECF No. 20. The agreement provides that Defendants will pay Plaintiff $3,036.52 in wages owed, $6,073.03 in liquidated damages for her non-wage claims, and attorneys' fees of $5,890.56, in exchange for Plaintiff's release of Defendants from all claims arising before the agreement. Agreement ¶¶ 1, 7. Additionally, the parties agreed to a mutual non-disparagement clause. Agreement ¶ 4. The parties represent that they have had a reasonable period of time to consider their decisions to accept the settlement, and that they have been represented by counsel. Agreement ¶ 12. They state that they have read the agreement, fully understand and accept its terms, and enter the agreement "voluntarily and of their own free will." *Id.*

## II.     LEGAL STANDARD

To safeguard employee rights, "a majority of courts have held that *bona fide* FLSA disputes may only be settled or compromised through payments made under the supervision of the Secretary of the Department of Labor or by judicial approval of a proposed settlement in an FLSA lawsuit." *Bettger v. Crossmark, Inc.*, Civ. No. 13-cv-2030, 2015 WL 279754, *3 (M.D. Pa. Jan. 22, 2015) (citing *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982)). While the Third Circuit Court of Appeals has not addressed whether parties can settle FLSA suits for unpaid wages without court approval, "district courts

within the Third Circuit have followed the majority position and assumed that judicial approval is necessary." *Confair v. Charles P. & Margaret E. Polk Found.*, No. 1:17-CV-0674, 2018 WL 2095684, at *1 (M.D. Pa. May 7, 2018) (collecting cases) (internal quotations omitted). Following the Eleventh Circuit's opinion in *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Department of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982), a proposed settlement agreement may satisfy judicial review if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." A settlement agreement resolves a bona fide dispute if its terms "reflect a reasonable compromise over issues, such as . . . back wages, that are actually in dispute." *Id.* If the court is satisfied that the settlement agreement resolves a bona fide dispute, the court then determines whether the agreement is fair and reasonable to the plaintiff, and whether the settlement furthers or "impermissibly frustrates" the implementation of the FLSA. *Bettger*, 2015 WL 279754 at *4 (citing *Altenbach v. Lube Ctr.*, Civ. No. 08-cv-2178, 2013 WL 74251 (M.D. Pa. Jan. 4, 2013)).

### III. ANALYSIS

First, this Court finds that the agreement resolves a bona fide dispute between the parties. Plaintiff's Complaint alleges that she was not paid for all the hours she worked, was denied overtime pay, and was retaliated against when she complained about her employer's violations. One of the Defendants, Dine Equity, Inc., filed an Answer denying Plaintiff's claims, ECF No. 14, and the agreement specifies that all Defendants deny Plaintiff's allegations and assert that they never failed to pay her any required compensation, or otherwise wronged her. This Court is satisfied that the settlement resolves a bona fide dispute between the parties.

Second, this Court finds that the terms of the settlement agreement are fair and reasonable to Plaintiff. Plaintiff has been represented by counsel throughout this case, sought the

3
081418

advice of counsel before she entered the agreement, and voluntarily chose to accept the terms of the settlement. The agreement awards Plaintiff an amount that she claims as unpaid wages, along with liquidated damages and her attorneys' fees. Plaintiff specifically initialed the agreement's nondisparagement clause, indicating that she understands its centrality to the settlement and understands and agrees to its terms.

Lastly, the Court must consider whether the settlement furthers or frustrates the implementation of the FLSA in the workplace. The proposed Settlement Agreement here does not contain a confidentiality clause and thus avoids a common basis for rejecting a proposed FLSA settlement. *See, e.g.*, *Diclemente v. Adams Outdoor Advert., Inc.*, Civ. No. 15-cv-0596, 2016 WL 3654462, *4 (M.D. Pa. July 8, 2016) ("There is 'broad consensus' that FLSA settlement agreements should not be kept confidential.").

However, this Court finds that the waiver and release of claims provisions are overly broad and require modification. The FLSA was enacted in part to combat "inequalities in bargaining power between employers and employees." *Lynn's Food Stores*, 679 F.2d at 1352 (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). Recognizing this fact, "[d]istrict courts reviewing proposed FLSA settlements may require litigants to limit the scope of waiver and release provisions to 'claims related to the specific litigation' in order to ensure equal bargaining power between the parties." *Bettger*, 2015 WL 279754, at *8 (collecting cases). The *Bettger* court reviewed waiver provisions that precluded the plaintiff from raising "any and all" claims she might have against the defendant prior to the execution date of the settlement agreement. *Id.* at *9. Recognizing that the terms of the agreement extended far beyond the claims at issue in the case without any explanation by the parties, the court rejected the release provisions as "inappropriately comprehensive." *Id.*

The settlement in this case contains equally broad release provisions, according to which Plaintiff releases Defendants from

> *any and all* claims, demands, losses, liabilities, and causes of action or similar rights of any type arising or accruing on or before the date this Agreement was reached, *whether known or unknown*, as a result of or because of any act, omission, or failure to act by any of the Released Parties, *including but not limited to*, those arising out of or relating in any way to Ms. Giannattasio's employment by, association with, and termination of employment with Excellent Pancake . . . .

Agreement ¶ 7a (emphases added). Additionally,

> The Claims released include, but are not limited to, claims arising under *any other federal, state, or local laws or regulations regulating employment*, including but not limited to any federal, state, or local law enforcing express or implied employment contracts or covenants; any other federal, state, or local laws providing relief for alleged wage payment violations, unlawful discrimination, wrongful discharge, breach of contract, *any and all tort claims*, including but not limited to, physical or personal injury, emotional distress, or stress claims *in any way related to Ms. Giannattasio's employment or termination of employment with Excellent Pancake*, intentional or negligent infliction of emotional distress, fraud, negligent misrepresentation, defamation, invasion of privacy, violation of public policy, and similar or related claims and any and all claims arising under common law.

Agreement ¶ 7b (emphases added). Like the waiver in *Bettger*, these waiver provisions would extend beyond the subject of this litigation and would bar any potential cause of action Plaintiff might have against Defendants arising from events that predate the signing of the agreement. Therefore, like the court in *Bettger*, this Court approves the waiver and release provisions only to the extent that they release Defendants from claims that fall within the statutory and common law causes of action in Plaintiff's complaint and the facts of this litigation. The parties are directed to revise the release and waiver provisions in Paragraph 7 of the agreement accordingly.

## IV. CONCLUSION

For the reasons discussed above, the Joint Motion is granted in part and denied in part. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Court